JULIÁN MOLINARI CINTRÓN, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

No. 870.—*Sometido:* Noviembre 7, 1932. *Resuelto:* Noviembre 29, 1932.

*H. Torres Solá,* abogado del recurrente; el Registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Una hipoteca otorgada en 1908 venció en mayo 2 de 1909. La hipoteca fué inscrita en diciembre de 1912. En junio de 1932 el registrador de la propiedad se negó a cancelar este asiento, fundado en la teoría de que los veinte años especificados en la sección 2 de la ley (No. 12) aprobada el 29 de agosto de 1923, (Primera sesión extraordinaria, pág. 37) debían empezarse a contar a partir de la fecha de la inscripción, y no a partir de la fecha del vencimiento de la obligación hipotecaria.

El inciso (*a*) de la sección primera de dicha ley autoriza la cancelación de "menciones de hipotecas, de censos y de otros derechos para el pago de dinero o precio aplazado de la compraventa de inmuebles" después del transcurso de veinte años a partir de la fecha del asiento. El inciso (*b*) autoriza la cancelación de asientos de embargo y otras órdenes de la corte después de transcurrir un período de cuatro años de anotadas. El inciso (*c*) autoriza la cancelación de inscripciones de fianzas para garantizar el ejercicio de cargos pú-

blicos, garantizados con hipotecas, después de veinte años de su otorgamiento. El inciso (d) autoriza la cancelación de "los gravámenes por razón de sentencias que tengan más de cinco años de constituídos." La sección 2 autoriza un procedimiento judicial sumario para la cancelación de hipotecas (que tengan veinte años de vencidas o de constituídas, si no tuvieren vencimiento) y dispone además que:

"Transcurrido un año desde la vigencia de esta Ley, los registradores, a instancia de las personas interesadas ya indicadas, procederán a la cancelación de las hipotecas referidas en esta sección, sin necesidad de notificación alguna, si no se hubiere acreditado en el registro la interposición de la demanda en cobro de la misma o la de subsistencia de tales gravámenes."

Aquí no hallamos indicios de intención legislativa de que el período de veinte años prescrito por la sección 2 se cuente a partir de la fecha en que se inscribió la hipoteca. La fraseología de ese artículo es enteramente clara y no deja lugar a interpretaciones. Es un caso de *lex scripta*.

*Debe revocarse la nota recurrida.*